## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

HALONA LEGER                                                    CIVIL ACTION

VERSUS

HUDSON INSURANCE COMPANY,                          NO. 21-00248-BAJ-RLB
ET AL.

### RULING AND ORDER

Plaintiff's action was removed to this Court from the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. In their Notice of Removal, Defendants invoke the Court's general diversity jurisdiction. Upon *sua sponte* review, however, the Court concludes that it lacks subject matter jurisdiction—and that this matter must be remanded—because Defendants have failed to affirmatively show that the amount in controversy likely exceeds $75,000.

## I.    DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte,* at any time." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." The question of "removal jurisdiction [is determined] on the basis of claims in the state court complaint as it exists at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

In their Notice of Removal, Defendants assert traditional diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1 at ¶ VIII). In addition to its diversity of citizenship requirement, § 1332(a) requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

Here, Plaintiff's original state court Petition fails to specify an amount in controversy. (*See* Doc. 1-2). In such instances, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). "[T]he key to the door is an affirmative showing" that the amount in controversy is satisfied "at the time removal is attempted." *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961). The removing defendant carries its burden "either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or an accompanying affidavit to show that the amount-in-controversy is met." *Felton v. Greyhound Lines,*

*Inc.*, 324 F.3d 771, 773-74 (5th Cir. 2003).[1]

Here, Defendants acknowledge that Plaintiff's allegations are insufficient to establish that her damages exceed $75,000. (Doc. 1 at ¶ IX). The Court agrees. The injuries alleged and damages claimed are vaguely stated—amounting to customary categories of damages universally set forth in personal injury actions—and, thus, provide the Court with little guidance as to the *actual* damages that Plaintiffs incurred. (*See* Doc. 1-2 at ¶¶ 15-21). "[R]emoval cannot be based simply upon conclusory allegations." *Felton*, 324 F.3d at 774 (quotation marks omitted). The various damages stated in Plaintiff's Petition are too speculative to establish that the Petition, standing alone, makes out a claim for more than $75,000.[2]

Likewise, Defendants' removal papers are insufficient to satisfy the Court that the jurisdictional minimum is met. To support their position that the amount in

---

[1] Because the two are often confused, it bears reminding that the issue of whether the removing defendant can establish § 1332(a)'s amount in controversy requirement is separate and distinct from the issue of whether the defendant's removal is timely under § 1446. *See Pesch v. Progressive Nw. Ins. Co.*, No. 20-cv-288, 2021 WL 1200889, at *10 (M.D. La. Feb. 23, 2021) (Wilder-Doomes, M.J.), *report and recommendation adopted*, 2021 WL 1187078 (M.D. La. Mar. 29, 2021) (Dick, J.). Here, the issue is *only* whether Defendants have affirmatively proved § 1332(a)'s amount in controversy requirement. The Court does not address whether Defendants' removal was timely.

[2] Certainly, Plaintiff's alleged injuries create the *potential* for a claim in excess of $75,000. The mere *potential* for recovery in excess of the jurisdictional minimum, however, is not enough. Rather, Fifth Circuit law is clear that to satisfy the jurisdictional minimum, the defendant must show that it is *more likely than not* that the plaintiff will recover more than the jurisdictional minimum. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (instructing that the jurisdictional minimum is not established where the defendant shows merely that the plaintiff "could well" recover more than the jurisdictional minimum); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (instructing that the jurisdictional minimum is not established where the defendant shows merely that there is "some possibility" that the plaintiff will recover more than the jurisdictional minimum).

3

controversy is satisfied, Defendants cite (i) Plaintiff's response to a request for admission, where Plaintiff "Denied" that her "damages do not exceed $75,000.00 and that you do not waive entitlement to recover any amount in excess of $75,000.00, inclusive of all costs, interest, and attorneys' fees, in this case"; (ii) correspondence with Plaintiff's counsel indicating that Plaintiff "has undergone ablations and has a recommendation from Dr. Lon Baronne for a lumbar fusion"; and (iii) "[q]uantum research" indicating that "damages and treatment involving radiofrequency ablations and a recommended lumbar fusion place the amount in controversy in excess of $75,000."   (*See* Doc. 1 at ¶¶ XI-XII; Doc. 1-5 at 1; Doc. 1-6 at 1). This falls far short of an "affirmative showing."[3] *Gaitor*, 287 F.2d at 255.

---

[3] The Court pauses to note that authorities split regarding whether a plaintiff's response to a request for admission, standing alone, may satisfy § 1332(a)'s amount in controversy requirement. Many courts hold, categorically, that a response to a request for admission *cannot* establish the amount in controversy. *E.g., Cabrera v. Toys R Us - Delaware*, 2012 WL 2935685, at *2 (E.D. La. July 17, 2012) (Berrigan, J.) ("Accepting Plaintiffs' admissions that they intend to seek more than the jurisdictional minimum (or, as in the cases above, deny that they don't intend to seek less than the jurisdictional minimum) would offer parties a tool to consent to subject matter jurisdiction, which is not permitted."); *see also, e.g., Dunlap v. Cockrell*, 336 F. Supp. 3d 1364, 1367 (S.D. Ala. 2018) (Steele, J.) ("Unsurprisingly, myriad district court decisions from this Circuit have determined that a plaintiff's mere denial of requests for admission as to amount in controversy is insufficient evidence to support removal jurisdiction on a diversity theory." (collecting cases)). Other courts appear to take the opposite approach. *See, e.g., Powell v. Wal-Mart Stores, Inc.*, 2015 WL 2063966, at *3 (E.D. Ky. Apr. 30, 2015) (Wilhoit, J.) ("Plaintiff denied Defendants' Request for Admission regarding the amount in controversy, Plaintiff's own denial provided the competent proof required to establish the amount in controversy.").

Absent clear guidance from the U.S. Court of Appeals for the Fifth Circuit, this Court has taken a middle-ground, explaining that a plaintiff's denial of a request for admission is "relevant summary judgment type evidence for determining whether the amount in controversy requirement is satisfied," but possibly not enough, "without more, for concluding that the jurisdictional amount is met." *Pylant v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 17-cv-189, 2017 WL 3446536, at *5 (M.D. La. June 29, 2017) (Bourgeois, M.J.) (discussing split in cases as to whether an admission in discovery regarding the jurisdictional amount satisfies

First, Defendants' request for admission is compound *and* written in the negative, and therefore ambiguous. The Court places little stock in Plaintiff's response to Defendants' ambiguous request. *See, e.g.*, *Griffith v. Wal-Mart Stores East, L.P.*, 884 F.Supp.2d 1218, 1228 (N.D. Ala. 2012) ("the court finds that Ms. Griffith's denials of Wal-Mart's requests for admission do not constitute 'unequivocally clear and certain' evidence that she intends to see[k] more than $75,000 in damages"); *Barker v. Dollar General*, 778 F.Supp.2d 1267, 1270 (M.D. Ala. 2011) (concluding that "a plaintiff's denial of a request for admission which read 'you do not claim in excess of $75,000 as total damages in this case' was not sufficient to support jurisdiction").

Second, this Court has previously held that a physician's recommendation to additional treatment does not satisfy the jurisdictional minimum absent proof that the Plaintiff followed through. *See Shelton v. Hallmark Trucking Ins. Co.*, No. 17-1683-BAJ-EWD, 2018 WL 1998341, at *3 (M.D. La. Mar. 27, 2018) (defendant failed to establish jurisdictional minimum despite presenting medical records including "a referral to an interventional pain specialist and neurosurgeon, as well as a recommendation for cervical and lumbar epidural steroid injections" where there was

---

the amount in controversy requirement and concluding that such an admission is relevant summary judgment type evidence for determining whether the amount in controversy requirement is satisfied)., *report and recommendation approved*, 2017 WL 3446029 (M.D. La. Aug. 10, 2017) (Jackson, J.). Here, for reasons explained above, Plaintiff's response to Defendants' request for admission, without more, cannot establish the minimum amount in controversy.

"no indication in the records or the parties' briefing that Plaintiff followed through on any of these recommendations"), *report and recommendation adopted*, 2018 WL 1997543 (M.D. La. Apr. 27, 2018).

Finally, the Court is unmoved by Defendants' caselaw, particularly in light of its own research indicating that generically alleged spine and lumbar injuries generally yield damages awards in the range of $30,000-$45,000, a far cry from the jurisdictional minimum. *See Shelton v. Hallmark Trucking Ins. Co.*, No. 17-1683-BAJ-EWD, 2018 WL 1998341, at *4 ("[A] general review of quantum cases demonstrates that general damages awards for multiple bulging discs often (if not more often than not) do not exceed $30,000-$45,000, even where the plaintiff is actually treated with steroid injections." (collecting cases)), *recommendation adopted*, 2018 WL 1997543 (M.D. La. Apr. 27, 2018). Defendant's failure to cite specific evidence that Plaintiffs' actual injuries result in a claim exceeding $75,000 suggests that the amount in controversy here is also within $30,000-$45,000 range set forth in caselaw.

## II.    CONCLUSION

In sum, Defendants have failed to make an affirmative showing that the amount in controversy exceeds § 1332(a)'s jurisdictional minimum. Having no basis to exercise jurisdiction, this action "shall be remanded" pursuant to § 1447(c).

6

**IT IS ORDERED** that this action is **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge.

Baton Rouge, Louisiana, this 18th day of August, 2021

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**